# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MERT SANLI,<br><br>PLAINTIFF,<br><br>v.<br><br>FISERV SOLUTIONS, LLC,<br><br>DEFENDANT. | CASE NO.: 8:25-CV-00485<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

## PARTIES

1. Plaintiff Mert Sanli is an adult male individual and former employee of Defendant. He resides at 7720 S Rocking K Ranch Loop #14, Tucson, Arizona 85747.

2. Defendant Fiserv Solutions, LLC is a limited liability company organized under the laws of a U.S. state with its principal place of business located at 600 North Vel R. Phillips Avenue, Milwaukee, Wisconsin 53203. Fiserv maintained an office at 6855 Pacific Street, Omaha, Nebraska 68106, where the events giving rise to this action occurred.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4. This Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367, including claims arising under the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101 et seq.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the District of Nebraska, specifically at Defendant's Omaha office.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 563-2025-00214, alleging sexual harassment, retaliation, and constructive discharge.

7. On or about May 2, 2025, Plaintiff received a Dismissal and Notice of Rights letter from the EEOC. This complaint is filed within 90 days of Plaintiff's receipt of said notice.

## FACTUAL ALLEGATIONS

8. Plaintiff is a male.

9. Plaintiff was at all times relevant to this action employed by Defendant.

10. In October 2023, Plaintiff was recruited and hired by Fiserv Solutions, LLC as Director of Partner Management, with a stated start date of November 6, 2023.

11. Plaintiff received communication that he would have until May 2024 to relocate from Arizona to Omaha.

12. Shortly after starting work in November, Plaintiff's immediate supervisor, Nicole Molina, began pressuring him to move to Omaha immediately, threatening his job security.

13. Plaintiff moved to Omaha in December 2023 despite having until the end of May 2024.

14. In December 2023 and January 2024, Molina made repeated inappropriate sexual comments towards Plaintiff in professional settings.

15. On January 20, 2024, after a work dinner, she attempted to kiss Plaintiff, asked him how he preferred to receive oral sex, and tried to undress in his car.

16. Plaintiff made clear that the conduct was unwelcome and inappropriate as he is married.

17. Molina told Vice President of Fiserv Carlos Garza that she specifically hired Plaintiff for the purposes of using him for her sexual gratification.

18. Garza and Fiserv took no action after learning about the illegal intentions of Molina.

19. Plaintiff reported this conduct to Fiserv's Human Resources department on February 25, 2024.
20. Fiserv initiated an investigation, during which corroborating witnesses confirmed inappropriate sexual conduct by Molina. Fiserv terminated Molina's employment on or about March 5, 2024.
21. Immediately following his report, Plaintiff was met with a helpful tone from Fiserv, who agreed to allow Plaintiff permission to move and work remotely back in Tucson, Arizona.
22. Days after Molina was terminated Plaintiff faced abrupt and hostile changes in treatment by Fiserv, including:
    a. the withdrawal of prior agreed upon relocation flexibility;
    b. further denial of accommodations including the promise of relocation fund; and,
    c. the demand to return immediately to Omaha within two days with threats to terminate for failure to comply.
23. Initially, Fiserv agreed to accommodate Plaintiff's relocation due to personal safety concerns for him, his wife, children, and newborn child, caused by threats from Molina regarding Plaintiff's potential to report her sexual misconduct, which includes but is not limited to:
    a. "my brother is a UFC a fighter and if you make this an issue, he'll visit you."; and,
    b. "I know higher-ups in the company, and you will lose your job."
24. Plaintiff, fearing for his safety, unable to secure reasonable support, Fiserv's failure to cooperate with their initial promise allowing Plaintiff until the end of May to relocate, resigned on April 15, 2024.
25. This resignation was a direct result of intolerable working conditions created by Defendant's retaliatory conduct.
26. Plaintiff suffered economic loss, emotional distress, and reputational harm as a result of Fiserv's conduct.

**CLAIMS FOR RELIEF**

**COUNT I – Sexual Harassment in Violation of Title VII 42 U.S.C. § 2000e *et seq.* – CIVIL RIGHTS ACT OF 1964 DISCRIMINATION**

27. Plaintiff incorporates paragraphs 1 – 26 as if fully set forth herein.
28. Plaintiff has been subjected to sexual harassment by Defendants.
29. Defendants knew of the above-described incidents, and they failed to take proper remedial action.
30. Defendants knew of the above-described incidents and they failed to intervene in a way that would correct or remove the Plaintiff from sexual harassment.
31. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 200e-2(a).
32. Fiserv permitted a sexually hostile work environment to exist and failed to protect Plaintiff from unwelcome sexual conduct, in violation of Title VII.
33. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered anxiety, humiliation, and economic distress.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages for economic damages and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive damages pursuant to 42 U.S.C. § 1981(a); injunctive relief and for such other relief deemed appropriate by the Court.

## COUNT II – Retaliation in Violation of Title VII

34. Plaintiff incorporates paragraphs 1 through 33.
35. After the Plaintiff engaged in one or more protected activities, Plaintiff was retaliated against in the terms, conditions, and privileges of his employment.
36. After Plaintiff engaged in one or more protected activities, Plaintiff was subjected to a retaliatory hostile work environment.
37. Defendant's violated Title VII of the Civil Rights Act of 1964.
38. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages and suffered anxiety, humiliation, and economic distress.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages for economic damages and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive

damages pursuant to 42 U.S.C. § 1981(a); injunctive relief and for such other relief deemed appropriate by the Court.

## COUNT III – Constructive Discharge in Violation of Title VII 42 U.S.C. § 200e *et seq.* – CIVIL RIGHTS ACT OF 1964

39. Plaintiff incorporates Paragraphs 1 – 38 as if fully set forth herein.
40. Plaintiff has been subjected to sexual harassment, a hostile work environment and discrimination based upon gender and such intolerable working conditions that would be foreseeable to compel a reasonable employee to quit.
41. Defendant's failure to accommodate Plaintiff's safety concerns and its coercive demands to return to Omaha rendered working conditions so intolerable that a reasonable person would feel compelled to resign.
42. Plaintiff would not have resigned from Defendants except for the fact that the Defendants created such a hostile work environment and subjected him to sexual harassment and discrimination which was so intolerable that the Plaintiff was forced to leave his employment with Defendants
43. Defendants thereby engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e-2(a).
44. As a direct and proximate result of Defendants' actions, Plaintiff has suffered anxiety attacks, depression, humiliation, and economic distress.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages for economic damages and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive damages pursuant to 42 U.S.C. § 1981(a); injunctive relief and for such other relief deemed appropriate by the Court.

## COUNT IV – Violation of the Nebraska Fair Employment Practice Act – Neb. Rev. Stat. § 48-1101 *et seq.*

45. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.
46. The conduct alleged also constitutes a violation of NFEPA for both sexual harassment and retaliation.

47. Defendants have discriminated against Plaintiff because of his gender and subjected him to sexual harassment and hostile work environment in the above-described incidents.

48. Defendants thereby engaged in unlawful employment practices prohibited by Neb. Rev. Stat. §§ 48-1104 and 48-1114.

49. As a direct and proximate result of Defendants' actions, Plaintiff has suffered anxiety, humiliation, and economic distress.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages, back pay and all lost benefits he sustained as a result of the discrimination, front pay or reinstatement, his costs incurred herein and reasonable attorney fees and for such other relief deemed appropriate by the Court.

## COUNT V – Negligent Hiring

50. Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51. At all relevant times, Defendant owed a duty to exercise reasonable care in the hiring, retention, and supervision of its employees, including Nicole Molina.

52. Defendant knew or, in the exercise of reasonable care, should have known that Molina, based upon prior conduct, was unfit for the position she held and posed a foreseeable risk of harm to other employees, including Plaintiff.

53. Defendant failed to properly investigate Molina's background, qualifications, and prior conduct before and during her employment.

54. Defendant failed to take appropriate remedial measures to prevent further harm after receiving information suggesting Molina's unfitness to supervise employees.

55. As a direct and proximate result of Defendant's negligent hiring, retention, and supervision, Plaintiff was subjected to sexual harassment, threats, retaliation, and constructive discharge, resulting in economic loss, emotional distress, and other damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Enter judgment in his favor and against Defendant;
2. Award compensatory damages for emotional distress, mental anguish, and reputational harm;
3. Award economic damages including back pay and front pay;
4. Award punitive damages;
5. Award reasonable attorney's fees and costs;
6. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims triable to a jury.

DATED: August 19, 2025

    MERT SANLI, Plaintiff

    By:   /s/ Justin High
          Jusitn High #23354
          Zach Renshaw #28274
          High & Younes, LLC
          Attorneys at Law
          6919 Dodge Street
          Omaha, NE 68132
          Ph:   (402) 933-3345
          Fax:  (402) 933-3020
          Email: justin@hyattorneys.com
          *Attorneys for Plaintiff*