IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MERT SANLI,<br><br>Plaintiff,<br><br>v.<br><br>FISERV SOLUTIONS, LLC<br><br>Defendant. | Case No.: 8:25-cv-00485<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Fiserv Solutions, LLC ("Defendant" or "Fiserv"), through counsel, submits the following Answer and Affirmative Defenses in response to Plaintiff Mert Sanli's ("Plaintiff" or "Sanli") Amended Complaint as follows:

## PARTIES

1. Defendant admits that Plaintiff is an adult male and that Plaintiff is a former employee of Fiserv. Fiserv is without knowledge or information sufficient to form a belief regarding Plaintiff's residence and therefore denies the same. Any remaining allegations in Paragraph 1 are denied.

2. Defendant admits it is a limited liability company organized under the laws of a U.S. state with its principal place of business located in Milwaukee, Wisconsin. Defendant admits it maintains an office at 6855 Pacific Street, Omaha, Nebraska. Defendant admits that Plaintiff alleges that acts and omissions occurred in Nebraska, but deny that Defendant committed any acts or omissions that would give rise to liability against Defendant. Any remaining allegations in Paragraph 2 are denied.

## JURISDICTION AND VENUE

3. Defendant admits that this Court may hear matters arising under federal law. Any remaining allegations in Paragraph 3 are denied.

4.      Defendant admits that this Court may have supplemental jurisdiction over related state law claims pursuant to federal law. Any remaining allegations in Paragraph 4 are denied.

5.      Defendant admits that Plaintiff alleges that acts and omissions took place in the District of Nebraska, but denies that Defendant committed any such acts or omissions as alleged. Any remaining allegations in Paragraph 5 are denied.

## ADMINISTRATIVE EXHAUSTION

6.      Defendant admits Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission but is without knowledge or information sufficient to form a belief about when Plaintiff filed the Charge of Discrimination and therefore denies the allegations in Paragraph 6.

7.      Defendant is without knowledge or information sufficient to form a belief about when Plaintiff received the alleged correspondence from the EOOC and therefore denies the allegations in Paragraph 7.

## FACTUAL ALLEGATIONS

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant admits that Defendant employed Plaintiff during the times alleged in the Complaint.

10.     Defendant denies the allegations in Paragraph 10.

11.     Defendant is without knowledge or information sufficient to form a belief about whether Plaintiff received unspecified communications from an unspecified sender and therefore denies the allegations in Paragraph 11.

12.     Defendant denies the allegations in Paragraph 12.

13. Defendant admits that Plaintiff moved to Omaha, Nebraska in December 2023, but denies any remaining allegations in Paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief about what Molina may have said to Plaintiff during unspecified dates in December 2023 and January 2024 and therefore denies the allegations in Paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief about the allegations in Paragraph 15 and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief about the allegations in Paragraph 16 and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief about the allegations in Paragraph 17 and therefore denies the same.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19 as stated. By way of further response, Defendant admits that Plaintiff reported certain conduct by Molina to Defendant and further admits that Defendant investigated the same.

20. Defendant admits investigating Plaintiff's report and discharging Molina. Defendant denies the remaining allegations in Paragraph 20 as stated.

21. Defendant admits allowing Plaintiff to work from home during its investigation but denies the remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief about Plaintiff's fears and Plaintiff's ability to secure reasonable support and therefore denies any

3

allegations related to the same. By way of further response, Defendant denies having made any "initial promise" as alleged. Any remaining allegations in Paragraph 24 are denied.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

## CLAIMS FOR RELIEF

### COUNT I – Sexual Harassment in Violation of Title VII 42 U.S.C. § 2000e *et seq*. – CIVIL RIGHTS ACT OF 1964 DISCRIMINATION

27. Defendant incorporates its responses above as if fully set forth below.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief sought in the unnumbered "wherefore" Paragraph which immediately follows Paragraph 33 of the Complaint.

### COUNT II – Retaliation in Violation of Title VII

34. Defendant incorporates its responses above as if fully set forth below.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief sought in the unnumbered "wherefore" Paragraph which immediately follows Paragraph 38 of the Complaint.

### COUNT III - Constructive Discharge in Violation of Title VII 42 U.S.C. § 2000e *et seq.* – CIVIL RIGHTS ACT OF 1964

39. Defendant incorporates its responses above as if fully set forth below.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief sought in the unnumbered "wherefore" Paragraph which immediately follows Paragraph 44 of the Complaint.

### COUNT IV – Violation of the Nebraska Fair Employment Practice Act – Neb. Rev. Stat. § 48-1101 *et seq*.

45. Defendant incorporates its responses above as if fully set forth below.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief sought in the unnumbered "wherefore" Paragraph which immediately follows Paragraph 49 of the Complaint.

### COUNT V – Negligent Hiring

50. Defendant incorporates its responses above as if fully set forth below.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief sought in the unnumbered "wherefore" Paragraph which immediately follows Paragraph 55 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief which Plaintiff prays for in his Complaint including, but not limited to, Paragraphs 1-6 of the Prayer for Relief section.

### DEMAND FOR JURY TRIAL

Defendant acknowledges that Plaintiff has demanded a trial by jury on all claims triable to a jury.

### GENERAL DENIAL

Any allegations in the Complaint not specifically admitted by Defendant are expressly denied.

WHEREFORE, Defendant Fiserv Solutions LLC respectfully requests that the Court: (1) enter judgment in its favor; (2) dismiss the Complaint with prejudice; (3) enter an order granting to Fiserv Solutions LLC its attorneys' fees, costs, and expenses incurred defending this action, as well as any other relief deemed just and equitable under the circumstances.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and fails to allege sufficient facts necessary to state a claim.

2. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands, or such doctrines analogs in actions at law.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable damages.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages, if any.

5. Plaintiff's claims are barred, in whole or in part, because Defendant took prompt remedial action and/or took reasonable care to prevent and correct any alleged harassment and Plaintiff failed to use preventative or corrective opportunities.

6. To the extent discovery may disclose a factual basis for this defense, recovery on Plaintiff's Complaint is barred, in whole or in part, by the after-acquired evidence doctrine.

7. Plaintiff's claims are barred, in whole or in part, to the extent they are based on allegations which fall outside the scope of or are not reasonably related to any charges filed with the applicable administrative agencies and/or outside the applicable statute of limitations.

8. Defendant states that, at all relevant times, it had well-publicized and widely disseminated policies prohibiting discrimination, harassment and retaliation in the workplace, and, at all times, Defendant and its agents acted in good faith and conducted themselves in a nondiscriminatory, anti-harassment and nonretaliatory manner.

9. To the extent Plaintiff recovered any monies from collateral sources, Defendant is entitled to a set-off.

10. If Plaintiff sustained damages, which are specifically denied, such damages were caused by the acts and omissions of Plaintiff and/or others and were not caused by Defendant.

11. There is no direct or proximate causal connection between any claim of harm or injury alleged by Plaintiff and any act or omissions alleged to have been committed by Defendant.

12. Defendant intends to rely on any other defenses that may become available, appear during, or are the result of further action for this matter, and reserves its right to amend this Answer to assert such defenses.

DATED: October 28, 2025.

        FISERV SOLUTIONS, LLC
        Defendant

        */s/Timothy R. Hutchinson*
        Kenneth M. Wentz III, # 23580
        Timothy R. Hutchinson, # 27880
        JACKSON LEWIS P.C.
        10050 Regency Circle, Suite 300
        Omaha, NE 68114
        Telephone:  (402) 391-1991
        Facsimile:  (402) 391-7363
        Kenneth.Wentz@jacksonlewis.com
        Timothy.Hutchinson@jacksonlewis.com

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

     I hereby certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties and counsel of record.

                                            */s/ Timothy R. Hutchinson*
                                            Timothy R. Hutchinson

4910-2818-7508, v. 7